UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELLIJAH SAM,<br><br>            Plaintiff,<br><br>   v.<br><br>RENTON SCHOOL DISTRICT,<br><br>            Defendant. | CASE NO. 2:21-cv-01363-JHC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RECUSE AND REFERRING THE MOTION TO THE CHIEF JUDGE |

      This matter comes before the Court on *pro se* Plaintiff Ellijah Sam's "Affidavit of Prejudice Peremptory Challenge to Judicial Office," Dkt. # 57, which the Court construes as a motion to recuse. The Court has considered the motion and DENIES it for the reasons set forth below. The Court further DIRECTS the Clerk to refer the motion to Chief Judge Ricardo S. Martinez for further review.

      "Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily." Local Rules W.D. Wash. LCR 3(f). "If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." *Id.* "The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the

ORDER DENYING PLAINTIFF'S MOTION TO RECUSE
AND REFERRING THE MOTION TO THE CHIEF JUDGE - 1

facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal quotation marks and alterations omitted). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980).

The Court finds the motion difficult to follow. But it appears that none of Plaintiff's arguments give rise to a legitimate question of the undersigned judge's impartiality. Plaintiff complains that he did not receive notice that this matter had been reassigned to the undersigned; but Plaintiff does not explain how this relates to the question of impartiality. Nor does Plaintiff provide any authority to support the notion the reassignment was somehow invalid. Plaintiff also appears to say that he did not receive other notices from the Court; but again, Plaintiff does not connect this to the issue of impartiality.[1] Finally, any issues Plaintiff raises regarding the administrative record appear to be moot, as the Office of the Superintendent of Public Instruction ("OSPI") has provided a copy of the record to the parties, and it has been filed under seal. Dkt. # 52. Nor does Plaintiff explain how any issue concerning the record somehow relates to the Court's impartiality.[2]

The undersigned makes rulings in each case based upon the issues presented by the parties or upon *sua sponte* review by the Court and has no personal bias or reason to be partial to one side or the other in this matter. Plaintiff has not shown that a reasonable person could

---

[1] It appears that at least one piece of mail sent by the Court to Plaintiff was returned as undeliverable; but the Court then sent the mail to Plaintiff's updated address. Dkt. # 47.
[2] In earlier proceedings, Plaintiff sought to have the Court issue a subpoena compelling the Office of Administrative Hearings ("OAH") provide a copy of the administrative record. Dkt. # 61 at 1-2. But as explained by Defendant, OSPI maintains the administrative record in special education due process matters. *Id.* at 2.

ORDER DENYING PLAINTIFF'S MOTION TO RECUSE
AND REFERRING THE MOTION TO THE CHIEF JUDGE - 2

question this Court's impartiality.  Accordingly, the undersigned will not recuse himself voluntarily from this case.  For these reasons, the Court DENIES Plaintiff's motion and DIRECTS the Clerk to refer this order and Plaintiff's motion to Chief Judge Ricardo S. Martinez.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 29th day of August, 2022.

John H. Chun
United States District Judge